IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>ROBBIE A. AUSTIN,<br><br>    Debtor. | Bankruptcy No. 22 B 4971<br><br>Hon. Timothy A. Barnes |
| ROBBIE A. AUSTIN,<br><br>    Appellant,<br><br>v.<br><br>PATRICK S. LAYNG,<br>United States Trustee,<br><br>    Appellee. | Case No. 23 C 1285<br><br>Hon. LaShonda A. Hunt |

## MEMORANDUM OPINION AND ORDER

Debtor/Appellant Robbie Austin ("Austin") appeals a final order of the bankruptcy court dismissing his chapter 7 petition under 11 U.S.C. § 707(a). Because the bankruptcy court correctly applied Seventh Circuit precedent governing this dispute, the decision is affirmed.

## BACKGROUND

The salient facts are undisputed. Austin purchased a three-flat investment property in Chicago around 1999. Several years later, in 2013, the bank that held the mortgage filed a foreclosure action against him. The state court confirmed the judicial sale of the property and entered an *in personam* deficiency judgment of nearly $250,000 against Austin in 2015. Although Austin's wages were eventually garnished to repay some of the debt, by February 2022, with interest and costs, the outstanding judgment had ballooned to nearly $400,000. And so, in April 2022, Austin voluntarily sought relief under chapter 7 of the Bankruptcy Code, listing primarily business debts. After the chapter 7 trustee filed a report of no assets, the United States Trustee (the

1

"UST") moved to dismiss Austin's chapter 7 bankruptcy or, alternatively, to convert it to a chapter 11.

According to Austin's schedules and other filings in the bankruptcy case, he was employed as a firefighter with monthly disposable income of over $1,400. Although his assets totaled almost $750,000 and included multiple checking accounts, retirement accounts, and a timeshare, most fell into the bucket of exempt property that could not be used to pay creditors. Still, the UST contended that if Austin cut unnecessary and unreasonable expenses, his disposable income would be closer to $5,000 per month which could then be used to repay his two unsecured creditors within 60 months. Specifically, the UST pointed to Austin's monthly expenses of $400 for pet care, $440 for entertainment, $400 for clothing, laundry, and dry cleaning, $3,500 in educational costs for his adult children, $1,000 for his non-filing spouse's credit card debt, and additional voluntary retirement contributions.

After full briefing, the bankruptcy court held a hearing on February 15, 2023, and orally ruled that Austin's case was indistinguishable from *In re Schwartz*, 799 F.3d 760 (7th Cir. 2015), where the Seventh Circuit affirmed the dismissal of a debtor's chapter 7 case under the "for cause" provision of section 707(a). Applying that precedent, the bankruptcy court dismissed Austin's bankruptcy case.

Austin timely appealed the final decision of the bankruptcy court. Upon review of the briefs, the Court concludes that they adequately present the issues and the relevant case law and oral argument is unnecessary.

## STANDARD OF REVIEW

District courts have jurisdiction to review decisions of the bankruptcy court pursuant to 28 U.S.C. § 158(a). *In re Altheimer & Gray*, 393 B.R. 603, 606 (N.D. Ill. 2008). When adjudicating

bankruptcy appeals, this Court applies a dual standard of review: the bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed *de novo. Id.* "A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Rose v. Pavletich*, 621 B.R. 227, 229 (N.D. Ill. 2020). The *de novo* standard requires the district court to make an independent examination of the bankruptcy court's judgment without giving deference to that court's analysis or conclusions. *In re S.M. Acquisition Co.*, No. 05 C 7076, 2006 WL 2290990, at *2 (N.D. Ill. Aug. 7, 2006).

## **DISCUSSION**

Section 707 of the Bankruptcy Code provides in relevant part that:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause[.]

(b) (1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee . . . may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter.

11 U.S.C. § 707.

Before the bankruptcy court, the parties disputed the applicability of the Seventh Circuit's *Schwartz* decision. In that case, the debtors' principal creditor moved the bankruptcy court to dismiss their chapter 7 petition under section 707(b). 799 F.3d at 761. Prior to filing the case, the debtors had spent thousands of dollars on "inessential consumer goods and services," such as private school tuition for their children, significant monthly payments on a luxury vehicle, and tickets to Disney World, among other items. *Id.* at 761-762. Although the creditor relied upon section 707(b), the bankruptcy court found that the "for cause" standard under section 707(a) was satisfied and thus dismissed the case on that ground. *Id.* at 763.

On appeal, the Seventh Circuit rejected the debtors' arguments that section 707(a) did not apply. Rather, the court agreed "with the cases that allow 'for cause' to embrace conduct that . . . avoids repayment of debt without an adequate reason." *Id.* It also affirmed that dismissal can be appropriate because of the individual debtors' "failure to use any of their earnings or assets to pay any part of the debt they owed [their main creditor]." *Id.* The court reasoned that their "failure to pay as much of their indebtedness as they could without hardship" was a "deliberate and selfish" action that provided "good cause for denying the discharge." *Id.* at 763-764. Such an "unjustified refusal to pay one's debt" constituted a valid ground under section 707(a) to deny a discharge. *Id.* at 764. Because those debtors did not adjust their standard of living "so that there would be some money for their creditors," dismissal of the chapter 7 case was affirmed. *Id.*

In the instant case, the bankruptcy court made similar legal and factual findings. As an initial matter, the Court rejects Austin's argument that the reasoning in *Schwartz* applies to chapter 7 bankruptcy cases involving consumer debt only. Austin does not cite anything in *Schwartz* supporting his contention that the Seventh Circuit limited its holding in that way. Thus, this Court concurs with the bankruptcy court in concluding that Austin failed to point to binding or persuasive case law, let alone statutory language in section 707(a), evincing such an intent. Indeed, the fact that section 707(b) specifically references individual cases involving "primarily consumer debts" while section 707(a) includes no such distinction certainly reflects its general and broad applicability across *all* chapter 7 cases.

The Court does acknowledge that unlike the debtors in *Schwartz*, Austin made pre-petition efforts to repay his debts here. But that does not negate the significant monthly surplus of $1,400 (which the *Schwartz* debtors did not have) or excuse his failure to offer any defense to nearly $3,600 in expenses challenged as unreasonable by the UST. It is well-established that a chapter 7

4

discharge is reserved for the honest but unfortunate debtor entitled to a fresh start. *Grogan v. Garner*, 498 U.S. 279 (1991). Under these circumstances, the Court finds that Austin was a debtor unjustifiably refusing to pay his creditors who should not benefit from a discharge.

Austin raises two issues on appeal here, both of which are nonstarters. First, he contends that "the logic and reasoning articulated by both the bankruptcy court and the Seventh Circuit was fundamentally flawed and failed to state with sufficient clarity its decision to dismiss under 707(a) rather than 707(b) where the debtor's debts were primary consumer debts and not business debts." (Appellant Br. at 7, Dkt. 13). In support, he points to "contrary" statutory interpretations of section 707 adopted by other Circuits. Regardless of what other courts do, as the bankruptcy court stated and this Court reiterates, lower courts are bound by precedent established by *this* Circuit. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("Just as the court of appeals must follow decision of the Supreme Court whether or not we agree with them . . . so district judges must follow the decisions of this court whether or not they agree.") In other words, to the extent Austin believes *Schwartz* was wrongly decided, that argument must be presented to the Seventh Circuit for consideration.

Likewise, Austin maintains the bankruptcy court "further erred by holding, without an evidentiary hearing, that [Austin] was not 'an honest but unfortunate debtor' based solely on its conclusion that [he] could 'tighten [his] belt' and repay his creditors." (*Id.*). Again, he is wrong. Austin does not dispute that he had notice of the motion, filed a written brief in opposition which the bankruptcy court considered, and his counsel presented argument on his behalf at the hearing. Nothing in section 707 entitles him or any other debtor to a full-blown evidentiary hearing, particularly in the absence of any factual dispute. And *Schwartz* makes clear that "bad faith" need not be shown in order for a bankruptcy court to grant relief under section 707(a). 799 F.3d at 764.

Like *Schwartz*, there was ample evidence before the bankruptcy court to support its finding that Austin unreasonably refused to repay creditors without offering a valid justification.

## CONCLUSION

For the reasons discussed above, the decision of the bankruptcy court is affirmed.

**DATED**: February 28, 2025                    **ENTERED**:

*LaShonda A. Hunt*
_____
LASHONDA A. HUNT
United States District Judge

6